UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-344-FDW
(3:07-cr-44-FDW-1)

| | | |
|---|---|---|
| **DONALD RAY CRAIG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion for Extension of Time to File Response/Reply, (Doc. No. 9).

**I. BACKGROUND**

Pro se Petitioner Donald Ray Craig was indicted on February 28, 2007, and charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Crim. Case No. 3:07cr44-FDW-1, Doc. No. 1: Indictment). Four months later, Petitioner entered a straight-up plea of guilty. (Id., Doc. No. 11: Acceptance and Entry of Guilty Plea). In Petitioner's presentence report ("PSR"), the probation officer calculated a total offense level of 30 based on the determination that Petitioner's criminal history, which included four convictions for breaking and entering, and one conviction for discharging a firearm into occupied property, all in violation of North Carolina law, qualified Petitioner as an armed career criminal. (Id., Doc. No. 18 at ¶¶ 24; 26; 34; 35; 36; 45; 48: PSR). Combined with a criminal-history category of VI, this offense level yielded an advisory Sentencing Guidelines range of between 168 and 210 months in prison. (Id. at ¶ 102).

1

At sentencing, Petitioner objected to his classification as an armed career criminal, asserting that the grand jury did not charge him under 18 U.S.C. § 924(e) and arguing that his sentence could not, therefore, be enhanced. See (Id., Doc. No. 23 at 8-9: Transcript of Sent. Hr'g). Although Petitioner argued that the enhancement should not apply because of the lack of any reference to § 924(e) in the indictment, Petitioner acknowledged that he had three convictions that would qualify him as an armed career criminal. (Id. at 9; 11-12). At no time did Petitioner object on the basis that any part of the "violent felony" definition under the ACCA was unconstitutionally vague.

This Court overruled Petitioner's objection and, after resolving the rest of Petitioner's objections, the Court determined an advisory Guidelines range of between 180 and 210 months in prison as limited by the 15-year mandatory minimum required by the ACCA. (Id. at 16). This Court then sentenced Petitioner to a high-end sentence of 210 months in prison. (Id. at 58). The Fourth Circuit affirmed this Court's judgment. United States v. Craig, 321 F. App'x 322 (4th Cir. 2009). Petitioner filed a timely motion under 28 U.S.C. § 2255, contending that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015).[1]

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the Government's Response, the Court finds that the argument presented by Petitioner can be resolved without an

---

[1] The Fourth Circuit Court of Appeals has not yet held whether Johnson applies retroactively on collateral review. Here, the Court assumes, without deciding, that Johnson does apply retroactively.

2

evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

The Armed Career Criminal Act ("ACCA") provides for a mandatory minimum term of fifteen years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense."  18 U.S.C. § 924(e)(1).  "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  Id. § 924(e)(2)(B).

In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness.  Id. at 2558.  The Supreme Court also held that the clause is void "in all its applications."  Id. at 2561.  However, the Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i).  Id. at 2563.

As a result of Johnson, a defendant who was sentenced pursuant to a statutory mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence.  Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause," or qualify as one of the four enumerated offenses, no relief is warranted.

3

The Government first argues, and the Court agrees, that Petitioner's Johnson claim is procedurally defaulted. Because Petitioner challenges the application of the ACCA under a vagueness theory for the first time in his motion under Section 2255, his theory is subject to a procedural bar unless he can demonstrate either cause and prejudice or actual innocence. See Jackson v. United States, 638 F. Supp. 2d 514, 601 (W.D.N.C. 2009). Petitioner has demonstrated neither cause nor prejudice nor actual innocence to overcome the procedural bar. Petitioner's prior convictions for breaking and entering, under N.C. GEN. ST. § 14-54(a), qualify as "violent felonies" under the ACCA because they qualify as the enumerated offense of "burglary" under that Act. See United States v. Mungro, 754 F.3d 267, 270-72 (4th Cir. 2014). By its own terms, Johnson "does not call into question the application of the act to the four enumerated offenses" it describes. 135 S. Ct. at 2563. Thus, Petitioner cannot establish that he suffered prejudice from his procedural default or that he is actually innocent in the light of Johnson. Moreover, to the extent that Petitioner would suggest that any argument challenging the constitutionality of the residual clause at the time of his sentencing hearing would have been futile, this explanation for cause is inadequate. See Bousley v. United States, 523 U.S. 614, 623 (1998) (rejecting arguments that section 2255 movant demonstrated cause for failure to raise argument based on a new Supreme Court holding issued after his case became final); Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting that "alleged futility cannot serve as 'cause' for a procedural default in the context of collateral review").

The Government next argues, and the Court agrees, that even if the Johnson claim were not procedurally defaulted, the claim would nevertheless fail on the merits. As the Court has already noted, Petitioner's prior convictions for breaking and entering under N.C. GEN. ST. § 14-54(a) qualified as the enumerated offense of "burglary" under the ACCA. Their status is,

4

therefore, unaffected by Johnson's holding. Thus, even if Petitioner's Johnson claim were not procedurally defaulted, it would still fail on the merits.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DISMISSED**.

2. The Government's Motion for Extension of Time to File Response/Reply, (Doc. No. 9), is **GRANTED** nunc pro tunc.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Frank D. Whitney
Chief United States District Judge